UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GATOR WASH, LLC,                     )  | |
|     Plaintiff,                               )  | |
|                                                       ) | |
| vs.                                              )  | 1:07-cv-1494-LJM-TAB |
|                                                       ) | |
| LIGHTHOUSE CARWASH SYSTEMS, INC.,  )  | |
|     Defendant.                             )  | |

## ORDER ON MOTION TO DISMISS

This cause is before the Court on defendant's, Lighthouse Carwash Systems, Inc. ("Lighthouse"), Federal Rule of Civil Procedure 12(b)(2) ("Rule 12(b)(2)") Motion to Dismiss for Lack of Personal Jurisdiction; Rule 12(b)(3) Motion to Dismiss for Improper Venue; and Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted. The question before the Court is straightforward. When a contract contains a mandatory forum clause where the parties agree that "any controversy under this agreement shall be exclusively in the courts of the county of Marion, State of Indiana," does proper venue lie in a federal court that sits in Marion County, Indiana?

Plaintiff, Gator Wash, LLC ("Gator Wash"), has sued Lighthouse claiming that Lighthouse breached a contract in which the above-referenced forum selection clause is contained. The parties disagree about the effect of the clause upon venue in this litigation. Many district courts have struggled with the question. Some have decided that the language is ambiguous and should be interpreted against the author of the language and then find that federal jurisdiction exists. This Court agrees with the short but concise opinion of Judge Shadur in the case entitled *Progressive*

*Publishing Co. v. Capital Color Mail, Inc.*, 500 F. Supp. 2d 1004 (N.D. Ill. 2007). Therein, Judge Shadur cited, and followed, the Tenth Circuit case of *Excell v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318, 321 (10th Cir. 1997). In *Excell*, as in the instant case, the county named in the forum clause was a forum in which a federal court sat. Nonetheless, the Tenth Circuit ruled, "Because the language of the clause refers only to a specific county and not to a specific judicial district, we conclude venue is intended to lie only in a state district [county] court." *Id.* at 321.

The reasoning of the Tenth Circuit, recognized and applied by Judge Shadur, leads this Court to grant the instant motion to dismiss. Therefore, defendant's, Lighthouse Carwash Systems, Inc., Motion to Dismiss is **GRANTED** and this case is dismissed without prejudice.

IT IS SO ORDERED this 20th day of February, 2008.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distributed electronically to:

Philip Adam Davis
DAVIS & SARBINOFF LLP
adavis@d-slaw.com

Daniel Joseph Layden
WILLIAMS HEWITT BARRETT & WILKOWSKI LLP
dlayden@whbwlaw.com